UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
   PHILIP JEAN-LAURENT,

                              Plaintiff,                   12 Civ. 1502 (JPO)

                -v-                                 OPINION AND ORDER

   C.O. LAWRENCE, *et al.*,

                             Defendants.

------------------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

      Defendants Perez and Seymour (for purposes of this opinion, "Defendants") have moved for reconsideration of the Court's March 19, 2013 opinion and order denying their motion to dismiss Plaintiff Jean-Laurent's court access claims. They argue that Jean-Laurent's claims against them should be dismissed because, although he has alleged that they frustrated or impeded his efforts to bring a legal claim, he failed to plead facts showing that claim to be nonfrivolous. They also argue that Jean-Laurent's court access claim against Perez should be dismissed for failure to allege her personal involvement in the constitutional violation, or, in the alternative, that Perez is qualifiedly immune because there was no clearly established law holding that a prison supervisor could be liable for a constitutional violation if she ignored a letter informing her of the violation.

      "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. Accordingly, the threshold for prevailing on a motion for reconsideration is high." *United States v. Gundy*, No. 13 Crim. 0008 (JPO), 2013 WL 4838845, at *1 (S.D.N.Y. Sept. 11, 2013) (citation omitted) (quoting *Drapkin v.*

*Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y.2011) and *Nakshin v. Holder*, 360 Fed. App'x 192, 193 (2d Cir. 2010); citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict.")).  The movant must demonstrate that the Court overlooked "controlling decisions or factual matters" that were previously brought to the Court's attention.  *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. Aug. 5, 2009) (citing *Shrader*, 70 F.3d at 257) (discussing Rule 59 of the Federal Rules of Civil Procedure and Local Civil Rule 6.3).

I.   **Frivolity of Jean-Laurent's Underlying Claim**

Defendants' brief in support of their motion to dismiss correctly argued that, to state a court access claim, Jean-Laurent must plead facts showing that his underlying legal claim was not frivolous.  *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002).  The Court's opinion did not address this element.  The "nonfrivolous" element requires only that the "'arguable' nature of the underlying claim is more than hope."  *Id.*  Defendants concede that Jean-Laurent's Article 78 petition, which sets forth his underlying legal claims, was integral to his complaint.  Jean-Laurent's petition alleges that he was written up for fighting with another prisoner; because Jean-Laurent suspected that the other prisoner was receiving favorable treatment, he requested production of the misbehavior report for the prisoner in the course of his disciplinary proceeding.  The hearing officer presiding over the proceeding denied Jean-Laurent's request, assuring him that the other prisoner "was not receiving favorable treatment" and "would be held equally responsible for the fight" because "it takes two to fight."  (Jean-Laurent Decl. Ex. A (Art. 78 Pet.) ¶ 11, Dkt. No. 27.)  Based on this assurance, Jean-Laurent pleaded guilty to violation of four prison rules.  The day after his plea, Jean-Laurent learned that prison officials had not even filed a misbehavior report against the other prisoner.

A guilty plea that is induced by misrepresentations, including unfulfilled or unfulfillable promises, cannot stand. *Mabry v. Johnson*, 467 U.S. 504, 509 (1984) (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). While prisoners who stand accused in prison disciplinary proceedings are not entitled to the full range of due process protections afforded in a criminal prosecution, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), there is an arguable legal basis for Jean-Laurent's position that his guilty plea was entered in violation of his right to due process. Defendants did not identify any authority to the contrary. Jean-Laurent's underlying petition was not frivolous.

## II.     Personal Involvement of Defendant Perez

Defendants argue that the Court overlooked applicable law with respect to Perez's personal involvement. Their brief claims that "the Complaint itself makes no allegation that [the letter Jean-Laurent allegedly sent] put Supt. Perez on notice of anything" and that the "Court appears to have held that a letter dated January 26, 2009 addressed to Commissioner Fischer gave Supt. Perez notice . . . of plaintiff's access to courts claims and that this was sufficient to find personal involvement." (Defs.' Mem. at 3, Dkt. No. 34.) The date that Perez knew of Jean-Laurent's request is relevant because the limitations period for his Article 78 petition expired on February 6, 2009; if Perez was notified of the issue with too little time to rectify it, she could not be held liable.

The complaint in fact alleges that "[o]n about January 15, 2009, plaintiff filed two formal grievances concerning accessing his legal documents and materials . . . and in a separate inter-facility correspondence to Superintendent Perez, he complained of the same, but she did not respond to the correspondence." (Compl. ¶ 20, Dkt. No. 2.) The Court's opinion quoted this passage and held, on the basis of this allegation, that Perez's decision to ignore Jean-Laurent's

3

letter is at issue in this case. Jean-Laurent is a pro se litigant entitled to a liberal construction of his complaint, but even a counseled plaintiff would not need to allege something like "this letter put Perez on notice of plaintiff's court access claims." It is reasonable to infer that, if Jean-Laurent sent Perez a letter about his court access claims, she was on notice of those claims. *Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013) ("At the pleading stage, even if [plaintiff] had no knowledge or information as to what became of his Letter after he sent it, he would be entitled to have the court draw the reasonable inference—if his amended complaint contained factual allegations indicating that the Letter was sent to the Warden at an appropriate address and by appropriate means—that the Warden in fact received the Letter, read it, and thereby became aware of the alleged conditions of which [plaintiff] complained."). Whether the scope of the phrase "[o]n January 15, 2009" extends to the letter Jean-Laurent mailed to Perez is admittedly ambiguous—but again, drawing all reasonable inferences in Jean-Laurent's favor, the Court's opinion explicitly treated the letter as having been mailed on January 15.

  Finally, Defendants argue that even if Perez received the letter with sufficient time to rectify the problem, "a supervisor cannot be found personally involved simply because . . . she was allegedly made aware of purported conduct." (Defs.' Mem. at 4.) But the question at this stage is whether Jean-Laurent has plausibly alleged Perez's personal involvement, not whether he made detailed allegations in support of each element of his claim. Reasonable inferences are permissible to bridge the gaps in a plaintiff's allegations. The purpose of discovery is to fill in those gaps. As the Second Circuit held recently in a nearly identical context: "It is of course possible that the Warden read the Letter and took appropriate action or that an administrative procedure was in place by which the Warden himself would not have received the Letter addressed to him; but those are potential factual issues as to personal involvement that likely

4

cannot be resolved without development of a factual record." *Grullon*, 720 F.3d at 141.  And in that opinion, the Circuit reiterated: "when a pro se plaintiff brings a colorable claim against supervisory personnel, and those supervisory personnel respond with a dispositive motion grounded in the plaintiff's failure to identify the individuals who were personally involved, under circumstances in which the plaintiff would not be expected to have that knowledge, dismissal should not occur without an opportunity for additional discovery." *Id.* (citing *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998)).  Jean-Laurent cannot be expected to know who opens mail addressed to Perez or who was responsible for deciding to withhold his legal papers.  He knows that his legal papers were withheld, and he knows which prison officials he asked to fix the problem.  This information is alleged in the complaint, and it is enough to state a plausible claim that the individuals Jean-Laurent asked for help—including Perez—were personally involved.

### III.   Qualified Immunity of Defendant Perez

Defendants' final argument is without merit.  They argue that, in January 2009, it was not clearly established that Perez would violate Jean-Laurent's rights if she received and ignored a letter stating that his legal papers were withheld.  If this letter explained circumstances amounting to a constitutional violation—a reasonable inference that the Court must draw in Jean-Laurent's favor—Perez would have violated Jean-Laurent's clearly established rights by ignoring it.  Multiple Second Circuit opinions that were unquestioned in January 2009 held that "the personal involvement of a supervisory defendant may be shown by evidence that . . . the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong" or "the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." *See, e.g.*, *Colon v.*

*Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)); *Williams v. Smith*, 781 F.2d 319, 323–24 (1986).

## IV.   Conclusion

For the foregoing reasons, Defendants' motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion pending at docket number 33.

SO ORDERED.

Dated: New York, New York
       March 28, 2014

_____
J. PAUL OETKEN
United States District Judge